FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY -9 AM 11: 11

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FORSTER WHEELER ENERGY CORPORATION** | * * * | CIVIL ACTION NO. 00-3677 |
| VS. | * * | SECTION "R" |
| The M/V AN NING JIANG, her engines, tackle, apparel, furniture, etc., *in rem*, and INDUSTRIAL MARITIME CARRIERS (BAHAMAS), INC., *in personam* | * * * * * * * | MAGISTRATE "4" |
| * * * * * * * * * | | |

## ANSWER AND DEFENSES

**NOW INTO COURT,** through undersigned counsel, come COSCO Europe GmbH ("COSCO Europe") and Guangzhou Ocean Shipping Company ("COSCO Guangzhou"), sought to be made defendants, cross-defendant or third-party defendant herein, and for answer to the Complaint and First Supplemental and Amended Complaint (collectively the "Amended Complaint") of Forster Wheeler Energy Corporation ("Forster Wheeler"), and the Cross-Claim

NO 99180267 1

and Third Party Demand of Industrial Maritime Carriers (Bahamas) Inc. ("IMC"), allege and aver upon information and belief as follows:

### FIRST DEFENSE

COSCO Guangzhou is an agency or instrumentality of the People's Republic of China as defined by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et seq.*, and therefore, the action against COSCO Guangzhou is governed by the FSIA which is the sole basis of jurisdiction of this Honorable Court over it. COSCO Guangzhou preserves all rights and defenses available under the FSIA.

### SECOND DEFENSE

The Amended Complaint, Cross-Claim and Third Party Demand fail to state a claim, cause or right of action against COSCO Europe or COSCO Guangzhou upon which relief can be granted.

### THIRD DEFENSE

The Amended Complaint, Cross-Claim and Third Party Demand are barred by laches and/or the applicable limitations for filing suit, whether statutory or contractual.

### FOURTH DEFENSE

Neither Forster Wheeler nor IMC has a cause or right of action against COSCO Europe or COSCO Guangzhou, and COSCO Europe and COSCO Guangzhou place Forster Wheeler and IMC on full proof of their interest in the cargo that is the subject of this lawsuit and their right to bring this claim for damages.

## FIFTH DEFENSE

This Honorable Court lacks jurisdiction over the person of COSCO Europe and COSCO Guangzhou.

## SIXTH DEFENSE

Process and service of process are insufficient on COSCO Europe and COSCO Guangzhou.

## SEVENTH DEFENSE

This Honorable Court lacks *in rem* jurisdiction over the M/V AN NING JIANG.

## EIGHTH DEFENSE

This Honorable Court lacks jurisdiction over the subject matter of this cause.

## NINTH DEFENSE

Venue of this action before the United States District Court for the Eastern District of Louisiana is improper.

## TENTH DEFENSE

The United States District Court for the Eastern District of Louisiana is not a proper forum for the resolution of the instant litigation as there is a more convenient forum under the doctrine of *forum non conveniens*.

## ELEVENTH DEFENSE

Requisite notice of claim was not given within the time required by law.

## **TWELFTH DEFENSE**

**AND NOW**, specifically answering the allegations of the Complaint, COSCO Europe and COSCO Guangzhou allege and aver as follows:

I.

The allegations contained in Article I of the Complaint are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

II.

The allegations contained in Article II of the Complaint are denied, except to admit that the M/V AN NING JIANG was (and still is) a merchant vessel engaged in the carriage of goods by water for hire.

III.

The allegations contained in Article III of the Complaint require no answer by COSCO Europe or COSCO Guangzhou. However, if answer is required, the allegations contained in Article III of the Complaint are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof, except to admit that IMC was at all material times the time charterer of the M/V AN NING JIANG for the voyage in question.

IV.

The allegations contained in Article IV of the Complaint are denied, except to admit that on or about May 22, 1999, a consignment of generator units and auxiliary equipment

was delivered to the M/V AN NING JIANG at the port of Tarragona, Spain, for carriage to Xingang, China, and that certain bill(s) of lading relating to said cargo were issued.

V.

The allegations contained in Article VI of the Complaint are denied, except to admit that on or about July 20, 1999 the M/V AN NING JIANG arrived at Xingang, China, where the said cargo was discharged in the same order, condition, quality, quantity and nature as when received.

VI.

The allegations contained in Article VII of the Complaint require no answer by COSCO Europe or COSCO Guangzhou. However, if answer is required, the allegations contained in Article VII of the Complaint are denied. COSCO Europe and COSCO Guangzhou reaffirm and reallege the answers and defenses contained in Paragraphs I through V as if copied herein *in extenso*.

VII.

The allegations contained in Article VIII of the Complaint are denied.

VIII.

The allegations contained in Article IX of the Complaint are denied.

IX

The allegation contained in Article X of the Complaint are denied.

X.

The Allegations contained in Article XI of the Complaint are denied.

**AND NOW**, specifically answering the allegations of the First Supplemental and Amended Complaint, COSCO Europe and COSCO Guangzhou allege and aver as follows:

XI.

The allegations contained in Article 1 of the First Supplemental and Amended Complaint require no answer. However, if answer is required, the allegations contained therein are denied. COSCO Europe and COSCO Guangzhou reaffirm and reallege all the answers and defenses to the original Complaint as though copied herein *in extenso.*

XII.

The allegations contained in Article 2 of the First Supplemental and Amended Complaint require no answer. However, if answer is required, the allegations contained therein are denied.

XIII.

The allegations contained in Article 3 of the First Supplemental and Amended Complaint are denied, except to admit that COSCO Europe was (and still is) a corporation organized and existing under and by virtue of the laws of Germany.

XIV.

The allegations contained in Article 4 of the First Supplemental and Amended Complaint are denied. COSCO Europe and COSCO Guangzhou reaffirm and reallege all the answers and defenses to the original Complaint as though copied herein *in extenso*.

**AND NOW**, specifically answering the Cross-Claim of IMC, COSCO Europe alleges and avers as follows:

XV.

The allegations contained in Article I of the Cross-Claim are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof, except to admit that IMC was at all material times the time charterer of the M/V AN NING JIANG.

XVI.

The allegations contained in Article II of the Cross-Claim are denied, except to admit that the M/V AN NING JIANG is an ocean-going vessel engaged in the carriage of goods by water for hire.

XVII.

The allegations contained Article III of the Cross-Claim are denied, except to admit that COSCO Europe is a corporation organized and existing under the laws of Germany, with its principal place of business in Hamburg, Germany.

XVIII.

The allegations contained in Article IV of the Cross-Claim require no answer. However, if answer is required, the allegations contained therein are denied.

XIX.

The allegations contained in Article V of the Cross-Claim require no answer. However, if answer is required, the allegations contained therein are admitted.

XX.

The allegations contained in Article VI of the Cross-Claim are denied.

XXI.

The allegations contained in Article VII of the Cross-Claim are denied.

XXII.

The allegations contained in Article VIII of the Cross-Claim are denied.

XXIII.

The allegations contained in Article IX of the Cross-Claim are denied. COSCO Europe reaffirms and realleges the answers and defenses contained in Paragraphs XVIII through XXII as though copied herein *in extenso*.

XXIV.

The allegations contained in Article X of the Cross-Claim are denied.

XXV.

The allegations contained in Article XI of the Cross-Claim are denied.

XXVI.

The allegations contained in Article XII of the Cross-Claim are denied.

XXVII.

The allegations contained in Article XIII of the Cross-Claim are denied.

XXVIII.

The allegations contained in Article XIV of the Cross-Claim are denied.

**AND NOW**, specifically answering the allegations of the Third Party Demand, COSCO Guangzhou alleges and avers as follows

XXIX.

The allegations contained in Article I of the Third Party Demand are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof, except to admit that IMC was at all material times the time charterer of the M/V AN NING JIANG.

XXX.

The allegations contained Article II of the Third Party Demand are denied, except to admit that COSCO Guangzhou is an agency or instrumentality of the People's Republic of China as defined by the FSIA, with its principal place of business in Guangzhou, China, and is the owner of the M/V AN NING JIANG.

XXXI.

The allegations contained in Article III of the Third Party Demand require no answer. However, if answer is required, the allegations contains Article III of the Third Party Demand are admitted.

XXXII.

The allegations contained in Article IV of the Cross-Claim require no answer. However, if answer is required, the allegations contained therein are denied.

XXXIII.

The allegations contained in Article V of the Third Party Demand are denied

XXXIV.

The allegations contained in Article VI of the Third Party Demand are denied.

XXXV.

The allegations contained in Article VII of the Third Party Demand are denied.

XXXVI.

The allegations contained in Article VIII of the Third Party Demand require no answer. However, if anser is required, the allegations contained therein are denied. COSCO Guangzhou reaffirms and realleges the answers and defenses contained in Paragraphs XXXII through XXXV as though copied herein *in extenso*.

XXXVII.

The allegations contained in Article IX of the Third Party Demand are denied, except to admit that COSCO Europe acted in the capacity of COSCO Guangzhou's agent and/or broker only.

XXXVIII.

The allegations contained in Article X of the Third Party Demand are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

XXXIX.

The allegations contained in Article XI of the Third Party Demand are denied for lack of knowledge or information sufficient to justify a belief in the truth thereof.

XL.

The allegations contained in Article XII of the Third Party Demand are denied.

XLI.

The allegations contained in Article XIII of the Third Party Demand are denied.

XLII.

The allegations contained in Article XIV of the Third Party Demand are denied.

**THIRTEENTH DEFENSE**

The disputes embraced in the Amended Complaint, Cross-Claim and Third Party Demand fall within the scope of charter parties and/or contracts of affreightment and/or bills of

lading that are referable to arbitration as provided for in said charter parties and/or contracts of affreightment and/or bills of lading. This suit should therefore be stayed pending arbitration.

## FOURTEENTH DEFENSE

The disputes embraced in the Amended Complaint, Cross-Claim and Third Party Demand fall within the scope of charter parties and/or contracts of affreightment and/or bills of lading that contain choice-of-law and/or choice-of-forum provisions which call for application of foreign law and/or require that this matter be resolved in a foreign forum. This suit should, therefore, be dismissed for lack of jurisdiction.

## FIFTEENTH DEFENSE

COSCO Europe and COSCO Guangzhou assert that the cargo referred to in the Amended Complaint, Cross-Claim and Third Party Demand was discharged from the M/V AN NING JIANG in the same order, condition, quality, quantity and nature as when received.

## SIXTEENTH DEFENSE

In the alternative, COSCO Europe and COSCO Guangzhou plead all and singular the provisions of the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1300, *et seq.*, and show that thereunder, COSCO Europe and COSCO Guangzhou are exempted from all liability for any alleged damage to said cargo or, in the alternative, if Forster Wheeler or IMC is entitled to any recovery, which is specifically denied, such recovery should be computed and adjusted only in accordance with said Act.

## SEVENTEENTH DEFENSE

In the further alternative, COSCO Europe and COSCO Guangzhou assert that if the cargo referred to in the Amended Complaint, Cross-Claim and Third Party Demand was damaged, which is specifically denied, said damage occurred before the delivery of said cargo to the M/V AN NING JIANG or after same was discharged from the custody of COSCO Europe, COSCO Guangzhou and/or the M/V AN NING JIANG and, therefore, COSCO Europe, COSCO Guangzhou and the M/V AN NING JIANG should not be held liable for such loss.

## EIGHTEENTH DEFENSE

In the further alternative, COSCO Europe and COSCO Guangzhou assert that if the cargo which is the subject of the Amended Complaint, Cross-Claim and Third Party Demand was damaged while still in the technical custody of COSCO Europe, COSCO Guangzhou and/or the M/V AN NING JIANG, which is specifically denied, said damage was a result of the acts or omissions of the owner, shipper, consignee, or ultimate receiver of the cargo, their agents or other representatives, or other parties for whose acts or omissions COSCO Europe is in no way responsible or liable.

## NINETEENTH DEFENSE

In the further alternative, COSCO Europe and COSCO Guangzhou assert that if the cargo which is the subject of the Amended Complaint, Cross-Claim and Third Party Demand was damaged, which is specifically denied, Foster Wheeler and IMC are placed on their full

proof of the fairness and reasonableness of the steps, if any, taken by Forster Wheeler and IMC to minimize the damage.

**WHEREFORE**, COSCO Europe and COSCO Guangzhou pray that this, their Answer and Defenses, be deemed good and sufficient, and that, after due proceedings are had, there be judgment herein against Foster Wheeler, dismissing the Amended Complaint at Forster Wheeler's cost, and dismissing the Cross-Claim and Third Party Demand at IMC's cost, and COSCO Europe and COSCO Guangzhou further pray for all such other relief as equity and the justice of this cause may require and permit. COSCO Europe and COSCO Guangzhou reserve the right to amend their Answer and Defenses as further information is developed.

             Respectfully submitted

             _____
             CHRISTOPHER O. DAVIS, TA (4722)
             DAWEI ZHANG (20037)
             PHELPS DUNBAR, L.L.P.
             Canal Place
             365 Canal Street, Suite 2000
             New Orleans, Louisiana 70130-6534
             Telephone: (504) 566-1311
             Fax: (504) 568-9130

             **Attorneys for COSCO Europe GmbH and Guangzhou Ocean Shipping Company**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 9th day of May, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by fax and/or by mailing the same by United States mail, properly addressed, and first class postage prepaid.

_____

NO 99180267 1

- 15 -